**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DOLANTRY PRODUCTIONS and SEAN BRIAN SANTRY aka SEAN BRIAN, | CIVIL ACTION |
| Plaintiffs, | FILE NO.: |
| | |
| v. | **JURY TRIAL DEMANDED** |
| | |
| CHARLES POWERS, MICHAEL GREENE, JEREMY GREENE, NANCY GREENE, LAWRENCE DOCKSTADER, and POWERS BUSINESS AND MEDIA PRODUCTIONS, LLC, | |
| Defendants. | |

**COMPLAINT FOR DAMAGES**

COMES NOW DOLANTRY PRODUCTIONS and SEAN BRIAN

SANTRY aka SEAN BRIAN, Plaintiffs, and states this his complaint against

Defendants CHARLES POWERS, MICHAEL GREENE, JEREMY GREENE, NANCY GREENE, LAWRENCE DOCKSTADER, and POWERS BUSINESS AND MEDIA PRODUCTIONS, LLC as follows:

## PRELIMINARY STATEMENT

1.

Plaintiffs bring this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of the copyright in Plaintiffs' reality television series entitled "Sky Guys", blatant and purposeful tortious interference with Plaintiffs' business relations relating to the production and subsequent attempts to market Plaintiffs' reality television series entitled "Sky Guys" as well as Plaintiffs' general business dealings, civil conspiracy to defraud Plaintiffs of their intellectual property, breach of fiduciary duty, and Defendants' breach of several contracts and agreements relating to the production and subsequent attempts to market Plaintiffs' reality television series entitled "Sky Guys".

2.

Plaintiffs are successful producers, directors, actors, and screenwriters who have produced, written, directed, and appeared in several short films, television shows, and movies.

3.

Recognizing Plaintiffs' popularity, talent and goodwill, and in a brazen and improper effort to capitalize on Plaintiffs' hard-earned success, Defendants stole and publicized as their own creation a teaser trailer Plaintiffs' reality television series entitled "Sky Guys" without authorization from Plaintiffs. Defendants' infringing teaser trailer was also published online at:

http://www.powersbusinessproductions.com/About_Us.html.

4.

Defendants signed several agreements with Plaintiffs regarding the production of Plaintiffs' reality television series entitled "Sky Guys", all of which Defendants' subsequently breached in an effort to take advantage of Plaintiffs' hard work, talent and hard-earned success.

5.

Defendants CHARLES POWERS and MICHAEL GREENE did owe a fiduciary duty to Plaintiffs as both executive producer and primary investor respectively.  Defendants CHARLES POWERS and MICHAEL GREENE did

breach these duties by sabotaging the production of "Sky Guys", withdrawing from the production of "Sky Guys", and subsequently attempting to extort Plaintiffs' for the finished product.

6.

Defendants conspired with each other to take advantage of Plaintiffs' popularity, talent, and good will by breaching their contracts, infringing on their copyright, and interfering with Plaintiffs' business relations.

7.

Defendants sought out and wantonly convinced several of Plaintiffs' business contacts to stop doing business with Plaintiffs by impeaching Plaintiffs' hard-earned, good reputation and subsequently began doing business with Plaintiffs' business contacts.

8.

Defendants' conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Plaintiffs. Defendants may not continue to exploit Plaintiffs' reality television series without authorization in order to bolster their own reputation. Defendants' conduct must immediately be stopped and Plaintiffs must be compensated for Defendants' willful acts of infringement, breach of contract, and tortious interference.

## JURISDICTION AND VENUE

9.

This is a civil action seeking damages and injunctive relief for Copyright Infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq, Breach of Contract, Breach of Fiduciary Duty, Civil Conspiracy, and Tortious Interference with Business Relations.

10.

This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.

This Court has supplemental subject matter jurisdiction over this breach of contract, breach of fiduciary duty, civil conspiracy, and tortious interference with business relations action pursuant to 28 U.S.C § 1367.

12.

This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of Georgia and in this judicial

district, the acts of infringement complained of herein occurred in the State of Georgia and in this judicial district, and Defendants have caused injury to Plaintiffs and their intellectual property within the State of Georgia and in this judicial district.

13.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

**PARTIES**

14.

Plaintiff SEAN BRIAN SANTRY aka SEAN BRIAN is a resident of the state of Georgia and is currently employed as COO of Hollywood of the South Motion Pictures TV & Reality Series Productions LLC Georgia, currently as executive producer, director, casting director, screenplay writer and playwright writer.

15.

Plaintiff DOLANTRY PRODUCTIONS, LLC is a Georgia limited liability company with headquarters in Sandy Springs, Georgia.

16.

Defendant CHARLES POWERS is currently employed as President of Powers Business & Media Productions, LLC and resides at 102 Riverside Close, Stockbridge, GA 30281 and may be served with an original copy of this Complaint at that address.

17.

Defendant LAWRENCE DOCKSTADER is currently a silent partner at President of Powers Business & Media Productions, LLC and resides at 102 Riverside Close, Stockbridge, GA 30281 and may be served with an original copy of this Complaint at that address.

18.

Defendant POWERS, BUSINESS, AND MEDIA PRODUCTIONS, LLC, is a DOMESTIC corporation existing under the laws of GEORGIA with its principal place of business at 102 RIVERSIDE CLOSE, STOCKBRIDGE, GA 30281 and may be served through its registered agent CHARLES E POWERS at 102 RIVERSIDE CLOSE, STOCKBRIDGE, GA, 30281 and is subject to the jurisdiction of this court.

19.

Defendant MICHAEL GREENE is currently Vice President of Powers Business & Media Productions, LLC and resides at 148 Saddle Run Court, Macon, GA 31210 and may be served a second original copy of this Complaint at that address.

20.

Defendant JEREMY GREENE is currently a silent partner of Powers Business & Media Productions, LLC and resides at 148 Saddle Run Court, Macon, GA 31210 and may be served a second original copy of this Complaint at that address.

21.

Defendant NANCY GREENE resides at 148 Saddle Run Court, Macon, GA 31210 and may be served a second original copy of this Complaint at that address.

## FACTS COMMON TO ALL COUNTS

22.

On or about June 13, 2013, Plaintiffs and Defendant CHARLES POWERS did enter into a confidentiality agreement concerning production of a reality television series "Sky Guys" then referred to as "Wing Nuts"

23.

On or about June 17, 2013, Plaintiffs and Defendant CHARLES POWERS did enter into an agreement to produce a reality television series "Sky Guys" then referred to as "Wing Nuts"

24.

On or about June 27, 2013, Plaintiffs and Defendant MICHAEL GREENE did enter into an agreement where Defendant MICHAEL GREENE did agree to invest $50,000.00 into the production of the reality television series "Sky Guys" then referred to as "Wing Nuts"

25.

On or about July 7, 2013, Plaintiffs' and Defendants MICHAEL GREENE and NANCY GREENE entered into a "Confidentiality Non-Disclosure Agreement" regarding the production of "Sky Guys" then entitled "Wing Nuts".

26.

On or about July 8, 2013, Plaintiffs registered "Sky Guys" with the Writers Guild of America, West, Inc.

27.

On or about July 31, 2013, Plaintiffs registered "Sky Guys" with the United States Copyright Office.

28.

Plaintiffs began production of the reality television series "Sky Guys"

29.

Production of "Sky Guys" did not go well due to the poor conduct of Defendants.

30.

Defendants withdrew from the production of "Sky Guys" leaving Plaintiffs to repair all damage Defendants had created.

31.

Plaintiffs were able to salvage the production alone and began to actively pitch "Sky Guys" to various industry professionals.

32.

When Defendants learned that Plaintiffs had salvaged "Sky Guys", Defendants began to conspire against Plaintiffs.

33.

Defendants stole copies of the finished production, added their business logo, and began to market "Sky Guys" as their own work.

34.

While marketing "Sky Guys" Defendants convinced several of Plaintiffs business contacts to cease doing business with Plaintiffs.

35.

On or about March 26,2014, Defendant MICHAEL GREENE emailed Plaintiff SEAN BRIAN SANTRY aka SEAN BRIAN in an attempt to extort all remaining copies of "Sky Guys", any additional footage, Plaintiffs' intellectual property rights, and an additional sum of $75,000.00 in exchange for reimbursement for all overages during production.

36.

As a result of Defendants conduct, Plaintiffs suffered extensive financial injuries including but not limited to the loss of many potential investors for production of the remaining episodes of "Sky Guys".

## COUNT 1
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. §§ 106 and 501)
37.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if set forth in the entirety herein.

38.

Through their conduct averred herein, Defendants have infringed Plaintiffs' copyright in the "Sky Guys" by publishing a teaser/trailer on their website, making illegal copies of "Sky Guys" without permission from Plaintiffs, and marketing those copies to potential investors under Defendants' own brand in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

39.

Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiffs' rights.

40.

As a direct and proximate result of said infringement by Defendants, Plaintiffs are entitled to damages in an amount to be proven at trial.

41.

Plaintiffs are also entitled to Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

42.

Plaintiffs further are entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

43.

As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe and on that basis aver that unless enjoined and restrained by this Court, Defendants will continue to infringe Plaintiffs' rights in the Infringed Composition. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## COUNT II
## BREACH OF PRODUCTION AGREEMENT

44.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if set forth in the entirety herein.

45.

On or about June 17, 2013, Plaintiffs' and Defendant CHARLES POWERS entered into a "Production Agreement" for the production of "Sky Guys" then entitled "Wing Nuts".

46.

After production of "Sky Guys" was complete, Defendant CHARLES

POWERS did breach this agreement by attempting to extort Plaintiffs' hard work

for Defendant CHARLES POWERS' personal benefit.

47.

As a result of Defendant CHARLES POWERS' breach Plaintiffs suffered

extensive financial injuries.

48.

Plaintiffs are entitled to compensatory and punitive damages for Defendants'

willful, wanton, and malicious conduct.

## COUNT III

## BREACH OF ACTIVE INVESTOR AGREEMENT

49.

Plaintiffs re-allege and incorporate herein the allegations contained in the

foregoing paragraphs as if set forth in the entirety herein.

50.

On or about June 27, 2013, Plaintiffs' and Defendant MICHAEL GREENE

entered into an "Active Film Investor Agreement" stating that Defendant

MICHAEL GREENE would provide $50,000 in funding towards the production of "Sky Guys" then entitled "Wing Nuts".

51.

After production of "Sky Guys" was complete, Defendant MICHAEL GREENE did breach this agreement by attempting to extort Plaintiffs' hard work for Defendant MICHAEL GREENE's personal benefit.

52.

As a result of Defendant CHARLES POWERS' breach Plaintiffs suffered extensive financial injuries.

## COUNT IV

## BREACH OF CONFIDENTIALITY NON-DISCLOSURE AGREEMENT

53.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if set forth in the entirety herein.

54.

On or about June 13, 2013, Plaintiffs' and Defendant CHARLES POWERS entered into a "Confidentiality Non-Disclosure Agreement".

55.

On or about July 7, 2013, Plaintiffs' and Defendants MICHAEL GREENE

and NANCY GREENE entered into a "Confidentiality Non-Disclosure

Agreement" regarding the production of "Sky Guys" then entitled "Wing Nuts".

56.

Defendants CHARLES POWERS, MICHAEL GREENE, and NANCY

GREENE did subsequently breach this agreement by subsequently using

information obtained throughout the production of "Sky Guys" to conspire against

Plaintiffs.

57.

As a result of this breach, Plaintiffs suffered extensive financial injuries.

## COUNT V

## BREACH OF CAST AND CREW TALENT RELEASE

58.

Plaintiffs re-allege and incorporate herein the allegations contained in the

foregoing paragraphs as if set forth in the entirety herein.

59.

On or about June 20, 2013, Plaintiffs' and Defendants MICHAEL GREENE and NANCY GREENE entered into a "Cast and Crew Talent Release".

60.

Defendants MICHAEL GREENE and NANCY GREENE breached this agreement by attempting to make claim to Plaintiffs' copyright, disclosing certain confidential information, and seeking monetary compensation for their services.

61.

As a result of this breach, Plaintiffs suffered extensive financial injuries.

## COUNT VI

## CIVIL CONSPIRACY

62.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if set forth in the entirety herein.

63.

Defendants did conspire amongst themselves to breach all agreements with Plaintiffs.

64.

Defendants did conspire amongst themselves to join a separate corporation.

65.

Defendants did conspire amongst themselves to steal Plaintiffs' business contacts for their own gain.

66.

Defendants' did conspire to further their business through unlawful means by tortuously interfering with Plaintiffs' lawful business.

67.

As a result of this conspiracy, Plaintiffs suffered extensive financial injuries.

**<u>COUNT VII</u>**

**<u>BREACH OF FIDUCIARY DUTY</u>**

68.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if set forth in the entirety herein.

69.

Defendant CHARLES POWERS owed a fiduciary duty to Plaintiffs by serving as executive producer to the production of "Sky Guys".

70.

Defendant MICHAEL GREENE owed a fiduciary duty to Plaintiffs by serving as active investor in the production of "Sky Guys".

71.

Defendants CHARLES POWERS and MICHAEL GREENE did breach their fiduciary duties to Plaintiffs when the breached their respective agreements, infringed on Plaintiffs' copyright, and tortuously interfered with Plaintiffs' lawful business.

## COUNT VIII

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

72.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if set forth in the entirety herein.

73.

Defendants did act improperly, without privilege, as Defendants were never introduced by Plaintiffs to other business relations.

74.

Defendants did act purposefully, with malice, and with intent to injure Plaintiffs and their lawful business.

75.

Defendants did induce third party business relations not to continue their business relationship with Plaintiffs and to instead begin a relationship with Defendants.

76.

As a result of these interferences, Plaintiffs suffered extensive financial and reputation injuries.

## COUNT IX

## PUNITIVE DAMAGES

77.

Plaintiffs re-allege and incorporate herein the allegations contained in the foregoing paragraphs as if set forth in the entirety herein.

78.

Defendant's conduct evidences a conscious indifference to the consequences of its actions, which would entitle plaintiff to an award of punitive damages under O.C.G.A. § 51-12-5.1

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally, as follows:

a) For damages in such amount as may be found, or as otherwise permitted by law.

b) For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiffs' copyright in the Infringed Composition.

c)  For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in the Infringed Composition.

d)  For prejudgment interest according to law.

e)  For Plaintiffs' attorneys' fees, costs, and disbursements in this action.

f)   For such other and further relief as the Court may deem just and proper.


This 5th day of January, 2015.


MUFWENE LEGAL, LLC.


By:  ___/s/ Ntazyel E. Mufwene_____

**Ntazyel E. Mufwene, Esq.**

Georgia Bar No. 639274

*Attorney for Plaintiffs*


3379 Peachtree Road NE, Suite 555
Atlanta, GA 30326
(404) 369-0629
Fax: (404) 369-0607
E-mail: nmufwene@mufwenelegal.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DOLANTRY PRODUCTIONS and
SEAN BRIAN SANTRY aka SEAN
BRIAN,

Plaintiffs,

v.

CHARLES POWERS, MICHAEL
GREENE, JEREMY GREENE,
NANCY GREENE, LAWRENCE
DOCKSTADER, and POWERS
BUSINESS AND MEDIA
PRODUCTIONS, LLC,

Defendants.

CIVIL ACTION
FILE NO.:


**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing "COMPLAINT" by depositing same in the United States Mail with sufficient postage to insure proper delivery to the following address(es):

Charles Powers
102 Riverside Close
Stockbridge, GA 30281

Lawrence Dockstader
102 Riverside Close
Stockbridge, GA 30281

Powers Business & Media Productions, LLC
102 Riverside Close
Stockbridge, GA 30281

Michael Greene
148 Saddle Run Court
Macon, GA 31210

Nancy Greene
148 Saddle Run Court
Macon, GA 31210

Jeremy Greene
148 Saddle Run Court
Macon, GA 31210

This the 5th day of January 2015.

                                              __*/s/Ntazyel E Mufwene*___
                                              Ntazyel E. Mufwene, Esq.
                                                Georgia Bar No. 639274
                                                Attorney for Plaintiffs

3379 Peachtree Road NE, Suite 555
Atlanta, GA 30326
(404) 369-0629
Fax: (404) 369-0607
E-mail: nmufwene@mufwenelegal.com

## <u>CERTIFICATION</u>

Pursuant to NDGA. LR 7.1D, I certify that this Memorandum has been

prepared with Times New Roman, 14 point font, as approved by this Court in LR

5.1B.

Respectfully submitted this 5th day of January, 2015

/s/ Ntazyel E. Mufwene_____
**NTAZYEL E. MUFWENE**
Georgia Bar No. 639274
*Attorney for Plaintiffs*