IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DOLANTRY PRODUCTIONS and SEAN BRIAN SANTRY a/k/a Sean Brian, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| CHARLES POWERS, et al., | : : : : | CIVIL ACTION NO. 1:15-CV-0026-AT |
| Defendants. | : | |

## **ORDER**

This Court previously recognized that Plaintiffs may in fact intend to seek a preliminary injunction. The Court instructed Plaintiffs that if they should wish to pursue a request for a preliminary injunction, they must properly serve Defendants with the Complaint and fully supported Motion pursuant to Rules 4 and 5 of the Federal Rules of Civil Procedure. Plaintiffs have filed a motion for preliminary injunction, indicating service of the motion by United States Mail. Plaintiffs have not, however, filed proof of service of the Complaint and summons or filed Defendants' waiver of service pursuant to Rule 4(*l*)(1) of the Federal Rules of Civil Procedure. Plaintiffs' counsel has notified the Court that he has not yet perfected service of the summons and Complaint upon the Defendants.[1]

---

[1] Plaintiffs' counsel indicated that he intends to file a "motion to appoint a special process server" because Defendants have refused service by certified mail. Upon a *pro se* or seaman

The Court will not consider Plaintiffs' motion for preliminary injunction until they comply with Rule 4(*l*)(1). The time for Defendants to respond to Plaintiffs' motion for preliminary injunction will run from either the date of service of the motion or the date of service of the Complaint and summons, whichever is later.

**IT IS SO ORDERED** this 3rd day of March, 2015.

_____
**Amy Totenberg
United States District Judge**

---

plaintiff's motion, the Court must order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. Fed. R. Civ. P. 4(c)(3). Plaintiffs are not seamen and not proceeding *pro se*. Although the Court has discretion to appoint a special process server in other circumstances, the Court would not do so simply because the Defendants demand service in compliance with Rule 4, rather than by certified mail. Plaintiffs are **ADVISED** that, absent unusual circumstances, the responsibility to properly effect service of process by, for example, hiring a process server, falls on the Plaintiffs alone.