IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DOLANTRY PRODUCTIONS and SEAN BRIAN SANTRY a/k/a Sean Brian, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | |
| CHARLES POWERS, et al., | : : : | CIVIL ACTION NO. 1:15-CV-0026-AT |
| Defendants. | : | |

# **ORDER**

Plaintiffs filed a Motion for Appointment of Special Process Server [Doc. 7], seeking the appointment of a special process server and an order taxing Defendants with the cost of service. Plaintiffs rely on Rules 4(c) and 4(d) of the Federal Rules of Civil Procedure to justify their extraordinary request.

Rule 4(c)(3) provides that, upon a *pro se* or seaman plaintiff's motion, the Court must order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. Fed. R. Civ. P. 4(c)(3). As the Court previously noted, Plaintiffs are neither *pro se* nor seamen. Plaintiffs have offered no justification for appointing a process server in this case, and thus the Court declines Plaintiffs' request.

Plaintiffs also seek to recover expenses associated with service of process. Plaintiffs explain that they attempted to serve Defendants a "Service Packet" which included "a copy of the Complaint with summons attached, two copies of the waiver form, a notice of lawsuit, and a prepaid means of returning the waiver, by First Class Certified Mail." (Doc. 9 at 2.) According to Plaintiffs, Defendants Charles Powers, Larry Dockstader, and Powers Business & Media Productions, LLC accepted Plaintiffs' Service Packet on January 8, 2015 but failed to return the service packet within the thirty days Plaintiffs provided. Plaintiffs assert that Defendants Nancy Greene, Michael Greene, and Jeremy Greene (the "Greene Defendants") "completely refused delivery twice." Plaintiffs argue that Rule 4(d)(1) entitles them to recover their expenses.

Under Rule 4(d)(1), a plaintiff may request waiver of service of process. To do so, the plaintiff must send by first-class mail or other reliable means a packet which includes, *inter alia*, a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form. Fed. R. Civ. P. 4(d)(1)(C), (G). The waiver packet must state the date the request is sent and give the defendant at least 30 days to return the waiver. Fed. R. Civ. P. 4(d)(1)(E)-(F). Once the plaintiff complies with the procedures set forth in Rule 4(d)(1), and if the defendant, without good cause, fails to sign and return the waiver requested, "the court must impose on the defendant: (A) the expenses *later incurred* in making service; and (B) the reasonable expenses, including attorney's fees, of any motion

2

required to collect those service expenses." Fed. R. Civ. P. 4(d)(1) (emphasis added).

As the Rule implicitly provides, the plaintiff must "later incur[]" the expenses in making service and then seek to collect those expenses from the defendant. Thus, it is premature for the Court to consider Plaintiffs' request to tax Defendants with expenses associated with service of process when Plaintiffs have not yet incurred such expenses. Moreover, the Court will not consider ordering Defendants to cover such expenses until the Defendants have had an opportunity to either (1) agree to cover the expenses or (2) respond to Plaintiffs' motion seeking the recovery of these expenses.

For these reasons, Plaintiffs' Motion for Appointment of Special Process Server [Doc. 7] is **DENIED**. Plaintiffs are **DIRECTED** to properly serve Defendants according to Rule 4 of the Federal Rules of Civil Procedure. A failure to do so within 120 days of the filing of the Complaint may result in dismissal of this action.

**IT IS SO ORDERED** this 6th day of March, 2015.

_____
**Amy Totenberg**
**United States District Judge**